IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RODERICK MCKISSICK,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| VS. | : | |
| | : | CIVIL No: 5:14-CV-0072-MTT-CHW |
| **Governor NATHAN DEAL,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER & RECOMMENDATION

Plaintiff **Roderick McKissick**, an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Shortly after the Complaint was filed, Plaintiff also filed a Motion to Appoint Counsel (Doc. 5) and Motion for Preliminary Injunction (Doc. 7).

Plaintiff's pending Motion to Appoint Counsel is premature. The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to review the responsive pleadings. If it later becomes apparent that counsel should be appointed in this case, because of either the complexity of the issues or their novelty, Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain a renewed motion. Until then, Plaintiff's requests for court-appointed counsel will be **DENIED**.

Plaintiff's Motion for Preliminary Injunction seeks to have this Court order that Defendants refrain from violating his constitutional rights. The court, however, cannot simply issue a general injunction barring officials from violating the law. See SEC v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are

unenforceable."); Payne v. Travenol Lab., Inc., 565 F.2d 895, 898 (11th Cir. 1978) ("'[O]bey the law' injunctions cannot be sustained."); Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999).  To the extent, Plaintiff's Motion also requests that the Court order prison officials to transfer him from administrative segregation, Plaintiff is advised that federal courts are generally loath to grant this of type injunctive relief.  The placement and classification of inmates "is a matter peculiarly within the province of prison authorities' administrative duties," Freeman v. Fuller, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985), and the United States Supreme Court has warned that "in the absence of *substantial* evidence in the record" to indicate that the officials have exaggerated their response to [security or administrative considerations], courts should ordinarily defer to their expert judgment in such matters."  Bell v. Wolfish, 441 U.S. 520, 549 n.23, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (emphasis added).  Plaintiff has not identified such evidence.

More importantly, Plaintiff's Motion fails to show that the "extraordinary and drastic remedy" of injunctive relief is warranted in this case. This Court cannot grant injunctive relief unless certain prerequisites are met.  See All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").  Among other things, Plaintiff must show that (1) there is a substantial likelihood of success on the merits of his claim and (2) an irreparable injury will be suffered unless the injunction issues. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

At this stage in the litigation, Plaintiff has not established a "substantial likelihood of success on the merits" of any claim. See id.  His Motion is supported by nothing more than his own self-serving, conclusory allegations.  Plaintiff has not presented any proof or identified any objective evidence to show that Defendants have in fact violated his constitutional rights in the

ways described.  Without such evidence, it is unlikely that Plaintiff could prove either a deliberate indifference, retaliation, or access to the courts claim.  See Coleman v. Allen, No. 2:09–cv–311–TMH, 2009 WL 3010743 at *2, (M.D. Ala. Sept. 18, 2009) (finding that "self-serving, conclusory allegations" failed to establish a substantial likelihood of success on the merits).

Plaintiff also fails to describe an irreparable injury.  In order to satisfy the "irreparable injury" requirement, Plaintiff must both identify an irreparable injury that he will suffer if the injunction does not issue and show that the threat of injury is "neither remote nor speculative, but actual and imminent." See Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir.1989)).  Injunctive relief cannot be granted based on a mere perceived or suspected threat of harm.  See Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1128 (11th Cir.2005), cert. denied, 547 U.S. 1192, 126 S.Ct. 2862, 165 L.Ed.2d 895 (2006); Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1302 -1303 (11th Cir. 2007).  There must be "a reasonable probability that a real injury for which there is no adequate remedy at law will occur if the injunction is not granted." Id.  In the present Motion, Plaintiff complains of conditions he considers unconstitutional and/or unjust; however, nothing in his Motion suggest that he will in fact suffer an "irreparable injury" if an injunction does not issue.

For these reasons, the undersigned finds that Plaintiff has failed to satisfy the prerequisites necessary for an injunction to issue.  See McDonald's Corp., 147 F.3d 1306.  It is thus **RECOMMENDED** that Plaintiff's "Motion for Preliminary Injunction" also be **DENIED**.  Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## CONCLUSION

Plaintiff's Motion to Appoint Counsel (Doc. 5) is **DENIED**; and it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 7) also be **DENIED**.

**SO ORDERED and RECOMMENDED**, this 4th day of April, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
