IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RODERICK MCKISSICK,** : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:14-CV-0072-MTT |
| Governor **NATHAN DEAL,** *et al.,* : | |
| : | |
| **Defendants** : | |

### ORDER

Plaintiff **Roderick McKissick**, an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After construing all allegations in the Recast Complaint (Doc. 10) liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

### STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed broadly and viewed in the light most favorable to the plaintiff, fails to state

a claim upon which relief may be granted.  *See* 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555.  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a § 1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  *See Twombly*, 550 U.S. at 555-556.

## PRELIMINARY REVIEW

This action arises out of the conditions of Plaintiff's confinement at Macon State Prison.  Plaintiff initially filed his Complaint in this Court on February 21, 2014.  The United States Magistrate Judge reviewed the pleading and ordered Plaintiff to recast.  In the Order (Doc.9), the Magistrate Judge advised Plaintiff that the allegations in his initial complaint were overly vague and conclusory and that his pleading did not comply with the requirements of Rule 8. *See* Fed. R. Civ. P. 8.  Plaintiff was thus given an opportunity to recast and was instructed that his new complaint must include a description of how each defendant violated his constitutional rights.[1]

---

[1] The order also explained that Plaintiff's recast complaint would take the place of and supersede the original complaint and all of the other documents filed by Plaintiff to date.

It is clear, from a review of the Recast Complaint, that Plaintiff did not heed the Magistrate Judge's advice. His Recast Complaint is devoid of any explanatory facts and is filled with unsupported claims and legal conclusions. Plaintiff simply asserts that Defendants violated his First, Eighth, and Fourteenth Amendment rights by (1) unconstitutionally "harassing" him and ordering others to do the same, (2) sending him to lockdown for "no reason" and through false disciplinary reports, (3) denying him access to the courts, and (4) retaliating against him for filing lawsuits and making a "statement" on behalf of another prisoner. Plaintiff also asserts that Governor Nathan Deal and Commissioner Brian Owens were made aware of, but failed to rectify, these violations.

While Plaintiff may believe these things to be true, his non-specific allegations do not state a claim for relief under § 1983.

I.      Eighth Amendment Claims

Plaintiff's Recast Complaint first asserts that Defendants Blakely, McLaughlin, and Bobbit violated his constitutional rights by "harassing" him and/or ordering others to do the same. Plaintiff, however, does not provide a sufficient description of Defendants' alleged "harassment" to state an Eighth Amendment claim. While Plaintiff does allege that McLaughlin "aggressively approached" him and used profanity, "mere threatening language and gestures . . . do not . . . amount to constitutional violations." *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008).

Plaintiff also alleges that his confinement is "unconstitutional" or "inhumane;" yet, his Recast Complaint does not describe *how* his confinement is "unconstitutional" or "inhumane." Plaintiff likewise does not describe how Governor Deal or Commissioner

Owens "knew" of such violations or how they were provided "notice." These high ranking officials cannot be held liable for the actions of their subordinates merely because Plaintiff may have filed a grievance or mailed a letter. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisory official who merely failed to act based on information contained in the grievance); *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions).

Plaintiff's Eighth Amendment claims are accordingly **DISMISSED**.

## II. Fourteenth Amendment Due Process Claims

Plaintiff's Recast Complaint also asserts that Defendants Blakely, McLaughlin, Bobbitt, and Walker either ordered or approved his placement in punitive confinement "without just cause" and/or wrote false disciplinary reports to justify his placement in the "Tier II program" in violation of his right to due process. Even when considered in the light most favorable to Plaintiff, these allegations do not state a due process claim.

The mere assertion of a false or unproven disciplinary infraction does not alone amount to a constitutional violation. *See Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988). Prisoners do not have a constitutionally guaranteed immunity from being falsely or wrongly accused of conduct. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (prison disciplinary charge), cert. denied, 108 S.Ct. 1273 (1988). "[T]he Constitution requires only that Plaintiff be afforded due process at [an] institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. *Freeman*, 808 F.2d at 952; *see also Wolff v. McDonnell*, 418 U.S.

539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)." *Owens v. Leavins*, No. 5:05-CV-228, 2006 WL 2640275, at *6 (N. D. Fla. Sept. 13, 2006).  Significantly, in this case, Plaintiff does not allege that he was denied a disciplinary hearing or any other required process.  This deficiency - in and of itself - warrants dismissal of his due process claims.

Yet, even if he was denied a hearing, Plaintiff has also failed to allege a constitutional injury, which occurs only if the prisoner's punitive confinement (1) "affect[s] the duration of his sentence;" or (2) "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Although, here, Plaintiff's Recast Complaint does state that Defendants' actions have caused "*significant and atypical hardships*," Plaintiff does not include any factual allegations to show what those hardships might be.   Plaintiff's Complaint thus does not include facts, but merely states a legal conclusion. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "A pleading that offers 'labels and conclusions' or merely tenders "naked assertion[s]" devoid of "further factual enhancement," does not state a claim for relief. *Id.*   Plaintiff's due process claims are therefore **DISMISSED**.

    III.    <u>First Amendment Claims</u>

Plaintiff's Complaint next asserts that Defendant McLaughlin "unlawfully denied and deprived [him] of meaningful access to the courts." Plaintiff also alleges that McLaughlin did this in "retaliation" for previous lawsuits Plaintiff had filed and that McLaughlin also retaliated when Plaintiff made "a statement" on behalf of another inmate. Plaintiff's conclusory allegations again fail to state a claim.

First, to state a First Amendment claim for denial of access to the courts, a prisoner must show that he has suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Inasmuch, a prisoner must demonstrate that the defendant's conduct actually hindered his efforts to pursue a specific legal claim that challenged either his conviction (directly or collaterally) or conditions of confinement. *Id.* at 354-55. Plaintiff has not alleged any such injury in his Recast Complaint.

The Recast Complaint likewise fails to describe any retaliatory conduct. To state a retaliation claim under the First Amendment, a prisoner must "come forward with more than general attacks" on the motivations of a prison official. *Robinson v. Boyd*, No. 5:03CV25/MMP/MD, 2005 WL 1278136 at *3 (N.D. Fla. May 26, 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998)). The complaint must allege a causal connection between his protected conduct and the prison official's alleged retaliatory action. *See id*; *see also, Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). Plaintiff has not alleged any facts to suggest a causal connection between his protected conduct (if indeed his conduct was even protected by the First Amendment) and Defendants' alleged retaliatory conduct. Plaintiff's First Amendment claims are accordingly **DISMISSED**.

    IV.   <u>Other Constitutional Violations</u>

Plaintiff's Recast Complaint also lists a number of other constitutional protections – the Double Jeopardy Clause, the Free Exercise Clause, the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause – but, Plaintiff makes no attempt to explain how these protections are relevant here or how his constitutional rights have otherwise been violated. The mere reference to these constitutional protections is not

sufficient to state a constitutional claim. *See Iqbal*, 556 U.S. at 663.   Thus, any claims for violation the Double Jeopardy Clause, the Free Exercise Clause, the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause are **DISMISSED**.

## CONCLUSION

The Court finds that Plaintiff's Recast Complaint fails to state any cognizable claim for relief, and it is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 23rd day of May, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr